Matter of Emmanuel C.F. (Patrice M. D. F.) (2024 NY Slip Op 04482)

Matter of Emmanuel C.F. (Patrice M. D. F.)

2024 NY Slip Op 04482

Decided on September 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 19, 2024

Before: Moulton, J.P., Mendez, Higgitt, O'Neill Levy, Michael, JJ. 

Docket No. NA-35058/23, NA-35059/23 Appeal No. 264 9 &M-4079 Case No. 2024-02338 

[*1]In the Matter of Emmanuel C.F. and Another, Children Under the Age of Eighteen Years, etc., Patrice M. D. F., Respondent-Appellant, Carlyle O.F., Respondent, Administration for Children's Services, Petitioner-Respondent. Family Justice Law Center, Lawyers for Children, Brooklyn Defender Services, Columbia Law School Family Defense Clinic, Cuny School of Law, Family Defense Practicum, Neighborhood Defender Service of Harlem and Nyu School of Law Family Defense Clinic. Amici Curiae.

Arnold & Porter Kaye Scholer LLP, New York (William T. Sharon of counsel), for appellant.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the children, Emmanuel C.F. and Chosen S.F.
Donna C. Chin, New York, attorney for the children, Carlieto F. and Carlee F.
Family Justice Law Center, New York (David Shalleck-Klein of counsel), for amici curiae.

Order, Family Court, Bronx County (Karen M.C. Cortes, J.), entered on or about March 14, 2024, which denied respondent mother's application for an order expediting a hearing under Family Court Act § 1028, unanimously reversed, on the law, without costs, the application granted, and an expedited hearing directed, with no further adjournments except for good cause shown.
In this child protective proceeding pursuant to article 10 of the Family Court Act, the mother filed an application on January 31, 2024, requesting the return of her children, or alternatively, for a hearing pursuant to Family Court Act § 1028 (1028 hearing). Family Court commenced a 1028 hearing with a combined fact-finding hearing within three court days, on February 6, 2024. However, after several weeks of piecemeal adjournments and only one hour of testimony from one witness, the mother moved in March 2024 to expedite the 1028 hearing. She requested an order (1) "[s]cheduling the 1028 hearing to proceed expeditiously with at least 5 hours per week of hearing time," or (2) "[s]cheduling the 1028 hearing expeditiously such that it concludes by May 1, 2024." Family Court denied the application and held that the court complied with Family Court Act § 1028 by commencingthe 1028 hearing with a combined fact-finding hearing within three court days of the mother's application. In support of its decision, the court cited to CPLR 4011 which provides general authority to trial judges to "otherwise regulate the conduct of the trial in order to achieve a speedy and unprejudiced disposition of the matters at issue, in a setting of proper decorum," but Family Court Act § 1028 clearly imposes time constraints on this type of hearing.
Family Court Act § 1028 "provides for an expedited hearing to determine whether a child who has been temporarily removed from a parent's care and custody should be reunited with that parent pending the ultimate determination of the child protective proceeding" (Matter of Elizabeth C. [Omar C.], 156 AD3d 193, 202 [2d Dept 2017]). Upon an application of a parent whose child has been temporarily removed, "[e]xcept for good cause shown, such hearing shall be held within three court days of the application and shall not be adjourned" (Family Court Act § 1028[a]).
Here, although the 1028 hearing commenced within three court days of the mother's application, it did not proceed expeditiously. It is currently calendared with continued hearing dates through late October 2024, at which time the infant subject children will have spent more than half their lives in foster care. Although Family Court has discretion to regulate proceedings and streamline hearings, it does not have unfettered authority to adjourn a 1028 hearing in piecemeal fashion over the course of months as happened here. The plain language of the statute requires expediency. Family Court Act § 1028 is distinguishable from other sections of article 10 wherein those sections call for hearings to be conducted [*2]within the Family Court's discretion (see Matter of Elizabeth C., 156 AD3d at 209). No such discretion is provided by the plain language of Family Court Act § 1028.
Under the specific time constraints detailed by the plain language of Family Court Act § 1028 and given the potential and persistent harms of family separation, the mother is entitled to prompt judicial review of the children's removal "measured in hours and days, not weeks and months" (Matter of F.W. [Monroe W.], 183 AD3d 276, 280 [1st Dept 2020] [internal quotation marks omitted]). Conducting this 1028 hearing over a period of 30 minutes of hearing time scheduled in March, four hours scheduled in April, three hours in May, and four hours in June cannot be deemed prompt or expeditious judicial review.
In light of the practical constraints on Family Court, including extensive caseloads, often involving urgent matters, we decline to set a specific deadline for completion of the hearing. However, the court is directed to conduct and complete the hearing expeditiously, with no further adjournments except for good cause shown, as required by the statute, and to issue its decision promptly thereafter. We caution that this decision relates solely to the 1028 hearing and the mother's application therefor and should not be construed as relating to the substance or disposition of the originating petition. M-4079 — In the Matter of Emmanuel C.F. and Chosen S.F. Motion granted to the extent it seeks leave to file an amicus curiae brief and the six copies of the proposed brief submitted with the motion papers deemed filed, and otherwise denied as moot.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 19, 2024